**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **LEZETTE MCCLAIN,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **vs.** | *   CIVIL ACTION NO. 26-00202-B |
| | * |
| **THE STATE OF ALABAMA,** | * |
| *et al.,* | * |
| | * |
| **Defendants.** | * |

**REPORT AND RECOMMENDATION**

Plaintiff Lezette McClain ("McClain"), who is proceeding without an attorney, filed the instant action against numerous defendants ranging from the State of Alabama to the Saudi Arabian Government, including, among others, Walmart Corporation and the website Temu. (Doc. 1 at 4). McClain alleges that her complaint is "regarding my ownership of the US Government and The World Inc.," including "the State of Alabama." (Doc. 1 at 1). McClain is "requesting restitution and reimbursement for the usage of my governments and usage of my land and all of the natural resources" due to her being "the sole owner and . . . the global provider of government employment, and all forms of monetary, financial, health insurance, VA payments, SSA, SSI, Medicaid, Medicare, and all human services [that] are provided at and by my expense." (Id.). McClain lists claims that are allegedly in connection with her ownership of the "US Federal and Tribal Government/The World

INC./The USA," including, but not limited to, "SBA – Failure to pay out investments and private capital," "EEOC – Discrimination refusal of employment," and "Alabama Judicial System – Discrimination and refusal to file complaint . . . Failure to pay retirement for Judgeship." Finally, McClain values her claims at the amount "Googleplexian $100^2$." (Doc. 1-1 at 1). Based on the foregoing, McClain's claims and allegations are patently frivolous, and the undersigned submits that the Court should exercise its inherent authority to immediately dismiss this case.

The undersigned acknowledges that McClain paid the filing fee for this action. However, "[d]istrict courts have the inherent power to dismiss *sua sponte* frivolous lawsuits, even those where the plaintiff pays the full filing fee." Rosetta v. United States, 2017 U.S. Dist. LEXIS 163283, at *2 n.1, 2017 WL 4415674, at *1 n.1 (S.D. Ga. Aug. 29, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 161395, 2017 WL 4391720 (S.D. Ga. Sept. 29, 2017); see Cuyler v. Aurora Loan Servs., LLC, 2012 U.S. App. LEXIS 27130, at *9-10, 2012 WL 10488184, at *2 (11th Cir. 2012) (noting that "a district court has the inherent authority to dismiss a patently frivolous complaint" notwithstanding payment of the filing fee); Vega v. Kahle, 2025 U.S. App. LEXIS 32318, at *10 n.2, 2025 WL 3540349, at *3 n.2 (11th Cir. Dec. 10, 2025) (concluding that "district courts have the inherent authority to *sua sponte* dismiss without prejudice patently frivolous suits even

2

where the plaintiff has paid the filing fee," and that "notice and opportunity to be heard prior to dismissal is not required if the complaint is patently frivolous and amendment would be futile").

A complaint is frivolous and can be dismissed *sua sponte* prior to service of process when a district court "determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Here, McClain's allegations based on her purported ownership of the United States and other world governments are unquestionably "fanciful" and "fantastic," and "rise to the level of the irrational or the wholly incredible." See Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The undersigned is cognizant that it must liberally construe McClain's *pro se* pleading and hold it to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the Court cannot act as counsel for McClain or rewrite an otherwise deficient pleading in order to sustain this action. See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). And, as a *pro se* litigant, McClain is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

A pro se litigant is typically afforded at least one opportunity to amend her pleadings. Jenkins v. Walker, 620 F. App'x 709, 711 (11th Cir. 2015)("When a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."); see also Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"). The Court, however, is not obligated to permit an opportunity to amend when a claim is patently frivolous. Nezbeda v. Liberty Mutual Ins. Corp., 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims sua sponte -- without requiring or permitting the plaintiff to amend -- if it concludes that the claims are frivolous."); Gary v. U.S. Gov't, 540 F. App'x 916, 918 (11th Cir. 2013)("[W]e conclude that the district court did not abuse its discretion by not affording [the plaintiff] an opportunity to amend her complaint because any amendment would have been futile, as none of [the plaintiff's] allegations are credible or rational."). Given McClain's nonsensical allegations and the fact that this is not her first frivolous filing,[1] she should not be afforded leave to file an amended complaint.

---

[1] A review of this Court's records reveals that McClain previously filed a lawsuit against the United States government in April 2021 under the name "Queen Lezette McClain." The lawsuit (Continued)

4

Accordingly, it is recommended that the complaint be **DISMISSED** prior to service of process and without leave to amend, and that this action be terminated.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on

was dismissed as frivolous. See McClain v. U.S. Gov't, 2021 U.S. Dist. LEXIS 198122, 2021 WL 4786472 (S.D. Ala. Sept. 27, 2021), report and recommendation adopted, 2021 U.S. Dist. LEXIS 197025, 2021 WL 4783603 (S.D. Ala. Oct. 13, 2021). Given McClain's previous filing of frivolous litigation in this Court, she is cautioned that future frivolous lawsuits may result in her being deemed a vexatious litigant in this district and as a result she may be prohibited from filing any new documents without first obtaining the Court's prior written approval.

5

appeal for failing to object.   In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**ORDERED** this **2nd** day of **July, 2026.**

**/S/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
